UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH WAYNE GREER,

    Plaintiff,

vs.                                                                       Case No. 17-11832

OPERATING ENGINEERS LOCAL                  HON. AVERN COHN
324 PENSION FUND, LINDA REETZ,

    Defendants.
_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT OPERATING ENGINEERS LOCAL 324 PENSION FUND'S MOTION FOR PARTIAL DISMISSAL (Doc. 4)[1]

I. Introduction

This is a denial of benefits case. Plaintiff Joseph Wayne Greer has sued Operating Engineers Local 324 Pension Fund (Fund) and Linda Reetz claiming entitlement to ½ of a lump sum death benefit. The benefit was payable on the death of Robert John Greer (decedent) who was a participant in the Fund. The Fund paid the entire benefit, approximately $20,000.00, to Linda Reetz, who was the designated beneficiary. Plaintiff is the decedent's son. Reetz is the decedent's long time companion. Plaintiff generally claims that Reetz agreed to split the death benefit with him and the Fund violated the law in paying the full benefit to Reetz. The complaint makes several claims under state and federal law, as follows:

---

[1]Upon review of the parties' papers the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

> Count I - violation of ERISA - failure to provide plan documents
> Count II - violation of ERISA - wrongful denial of benefits
> Count III - violation of ERISA - failure to accord full and fair review
> Count IV - violation of ERISA - request for preliminary injunction
> Count V - Constructive Trust
> Count VI - Tortious Interference
> Count VII - Fraud
> Count VIII - Undue Influence
> Count IX - ERISA claim for attorney fees

The Court declined to exercise supplemental jurisdiction over the state law claims, Counts V - VIII, and dismissed them without prejudice. (Doc. 15). This eliminated Reetz from the case.

Before the Court is the Fund's motion for partial dismissal, seeking to dismiss all ERISA claims except for a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) as plead in Count II. For the reasons that follow, the motion will be granted.

## II. Legal Standard

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Rule requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a

2

legal conclusion couched as a factual allegation."

### III. Analysis

#### A. State Law Claims

As an initial matter, the Fund says that all of plaintiff's state law claims are preempted by ERISA. In light of the Court's order dismissing plaintiff's state law claims, this argument is moot.

#### B. ERISA Claims In General

ERISA § 502(a)(1)(B) permits a civil action by a participant or beneficiary:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

29 U.S.C. § 1332(a)(1)(B). ERISA § 502(a)(3) permits a civil action:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3).

In Varity Corp. v. Howe, 516 U.S. 489, 512 (1996), the Supreme Court "clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998), citing Varity, 516 U.S. at 512. In Wilkins, the Sixth Circuit held that where "§ 1132(a)(1)(B) provides a remedy" for the plaintiff's injury that "allow[ed] him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3) [or] any other subsection of § 1132." Wilkins,

supra. Sixth Circuit cases after Wilkins further confirm that, when a plaintiff seeks an award of plan benefits that can be remedied under § 1132(a)(1)(B), a claim under § 1132(a)(3) is not available. A plaintiff cannot avoid dismissal by "repackaging" a § 502(a)(1)(B) claim as a § 502(a)(3) claim. See Rochow v. Life Ins. Co. of N. Am., 780 F3d 364, 373 (6th Cir. 2015) ("Impermissible repackaging is implicated whenever . . . a duplicative or redundant remedy is pursued to redress the same injury"); Donati v. Ford Motor Co., Gen. Ret. Plan, Ret. Comm., 821 F.3d 667 (6th Cir. 2016) (Where plaintiff's (a)(3) claim sought individual plan benefits, plaintiff was still a plan participant and could obtain the benefits by way of an § (a)(1)(B) claim, § (a)(3) was not available).

Against this legal landscape, each of plaintiff's ERISA claims will be addressed in turn below.

### C. Plaintiff's ERISA Claims

Count I of the complaint is entitled "Violation of ERISA Section 502(c) Failure to Provide Plan Documents Against Defendant Fund." It alleges that the Fund failed to comply with its obligation to produce documents "relevant to the claimant's claim for benefits" set forth in the ERISA claims regulation, 29 C.F.R. § 2560.503-1(h)(2)(iii). Complaint, ¶ 54-55. Plaintiff also seeks penalties of $110 per day under ERISA § 502(c); 29 U.S.C. § 1132(c).[2]

Plaintiff contends that 29 C.F.R. § 2560.503–1(h)(2)(iii) and (m)(8) establishes a duty under § 1132(c) for the Fund to provide all of the documents relevant to his claim.

---

[2] "[T]he purpose of § 1132(c)(1) is to punish plan administrators who fail to comply with requests for documents which ERISA requires them to provide." Osborn v. Knights of Columbus, 401 F.Supp.2d 822, 825–26 (N.D. Ohio 2005). See also Bartling v. Fruehauf Corp., 29 F.3d 1062, 1068 (6th Cir. 1994).

4

The Fund says that Count I fails to state a claim because the Fund's regulatory obligation to produce claim documents "relevant to" a claimant's claim established under 29 C.F.R.2560.503-1(h)(2)(iii) does not confer a claim under ERISA. The Court agrees.

Section 2560.503–1 is a regulation implementing 29 U.S.C. § 1133. <u>VanderKlok v. Provident Life and Accident Ins. Co.</u>, 956 F.2d 610, 615 (6th Cir.1992). In contrast, § 1133 imposes obligations on the plan, but "does not impose liability on the plan administrator." <u>Id</u>. at 618. Accordingly, "a violation of section 1133 by the plan administrator does not impose liability on the plan administrator pursuant to section 1132(c)...." <u>Id</u>. <u>See also Cultrona v. Nationwide Life Ins. Co.</u>, 936 F. Supp. 2d 832, 853 (N.D. Ohio 2013), aff'd, 748 F.3d 698 (6th Cir. 2014) (holding that § 1132(c) penalties do not apply to a plan's obligation to produce documents relevant to the claim under 29 C.F.R.2560.503-1). Moreover, even assuming that the Fund's production of redacted documents somehow failed to comply with applicable regulations, any shortcomings relating to production of documents can be adequately addressed by way of plaintiff's claim for benefits under ERISA § 502(a)(1)(B). Thus, Count I fails to state a plausible claim.

Count III asserts a claim against the Fund for "failure to accord a full and full opportunity for review" under ERISA § 503; 29 U.S.C. § 1133.[3] The Fund says that this

---

[3]ERISA section 503, 29 U.S.C. § 1133, requires that all ERISA plans have a written claims procedure. It provides:
> In accordance with regulations of the Secretary, every employee benefit plan shall--
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific

count does not state a plausible claim under 29 U.S.C. § 1333.

The Fund is correct. First, arguments of procedural failures or irregularities in the administrative review process may be raised in the context of an ERISA § 502(a)(1)(B) claim as detailed in Wilkins. Thus, this claim is subsumed within Count II. Moreover, a district court has authority to remand a benefits determination matter to the plan's claims administrator in the context of an ERISA § 502(a)(1)(B) claim where appropriate. Elliott v. Metro. Life Ins. Co., 473 F.3d 613, 621 (6th Cir. 2006). Thus, plaintiff has an avenue for redress should the Court determine that the Fund did not provide a fair review of plaintiff's claim.

Second, plaintiff cites no authority for the proposition that ERISA § 503 confers an independent right of action. Although a violation of section 503's procedural requirements may be probative of whether the decision to deny benefits was proper, courts addressing the issue have found that a failure to comply with ERISA's procedural requirements does not entitle a claimant to a substantive remedy. See Ashenbaugh v. Crucible Inc., 854 F.2d 1516, 1532 (3d Cir. 1988); Blakely v. WSMW Indus., Inc., 2004 WL 1739717, at *10 (D. Del. July 20, 2004); Gailey v. Life Ins. Co. of N. Am., No. 1:15-CV-564, 2016 WL 6082112, at *6 (M.D. Pa. Oct. 17, 2016). Thus, Count III therefore fails to state a claim for relief.

Count IV seeks a preliminary injunction under ERISA § 502(a)(3) to enjoin the

---

reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

Fund from paying the benefit at issue. Plaintiff concedes that this claim should be dismissed. No further discussion is necessary.

Finally, Count IX alleges that, due to alleged inappropriate Fund conduct, plaintiff should be awarded attorney fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g). ERISA section 502(g) provides that a district court "in its discretion may allow a reasonable attorney's fee" in "any action under this subchapter" of ERISA. This section does not provide for an independent cause of action. Rather, it permits an award of fees to a successful party in "any action under this subchapter." Id. Plaintiff's fee request is therefore subsumed in his ERISA § 502(a)(1)(B) claim. If plaintiff succeeds on his claim, he may ask for attorney fees. Count IX must be dismissed.

### D. Plaintiff's Additional Arguments

Plaintiff's additional arguments against dismissal do not carry the day. Plaintiff says that the test for determining whether a claim is an improper repackaged benefit claim depends on whether a plaintiff is attempting to obtain a "double recovery." And, according to plaintiff, if there is no "double recovery," then a claim may go forward. This argument is misplaced. The test is whether the plaintiff is able to obtain <u>adequate relief</u> under ERISA § 502(a)(1)(B). If so, no other claims are permitted. <u>See, e.g.</u>, <u>Rochow</u>, <u>supra</u> at 373 (<u>Wilkins</u> "makes clear that the availability of relief under § 502(a)(3) is contingent on a showing that the claimant could not avail himself or herself of an adequate remedy pursuant to § 502(a)(1)(B)"). Here, as explained above, plaintiff is able to obtain adequate relief under ERISA § 502(a)(1)(B).

Plaintiff also argues that he should be permitted to plead "alternative" claims seeking the same relief. This argument misses the mark. The practice of "alternative"

7

pleading of claims seeking the same remedy does not apply in the context of ERISA benefit claims. See Rochow. Plaintiff's related argument that is too early to dismiss his "alternative" claims because he is entitled to take discovery first also lacks merit. When reviewing an action challenging a denial of benefits under ERISA, a district court must "conduct its review based solely upon the administrative record" and no discovery generally is permitted. See Cooper v. Life Ins. Co. of N. Amer., 486 F.3d 157, 171 (6th Cir. 2007); Wilkins, supra, at 618.

In the end, plaintiff's claim against the Fund is a claim for the denial of benefits under ERISA § 502(a)(1)(B). Plaintiff is able to obtain all the relief he seeks under Count II.

## IV. Conclusion

For the reasons stated above, the Fund's motion is GRANTED. Counts I, III, IV, IX are DISMISSED. The case continues on Count II.

SO ORDERED.

                                            s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: September 6, 2017
       Detroit, Michigan